UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YOUSEF ISMAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05 C 409 |
| | ) | |
| JOHN E. POTTER, Postmaster General | ) | |
| of the United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge.

This matter is before this Court on the bill of costs of Defendant John E. Potter, Postmaster General of the United States Postal Service (the "Postal Service"). For the following reasons, we award the Postal Service $1,870.80 for fees of the court reporter incurred in obtaining transcripts and we deny the Postal Service's request for costs in connection with the service of subpoenas duces tecum because we are unable to determine what portion of those costs are allowable under 28 U.S.C. § 1920.

### BACKGROUND

Plaintiff Yousef Ismail ("Ismail"), a letter carrier in the Carpentersville, Illinois branch of the United States Postal Service, initiated this suit. He alleged that his supervisor, Postmaster Ralph Kaiser, discriminated and retaliated against him because of his on-the-job injury and resultant partial disability as well as because of his Middle-

Eastern heritage. At summary judgment, Ismail refined his claims, stating that he sought recovery "solely based" upon the hostile work environment he allegedly endured between March 2003 and August 2004 and disavowing any claims of discrimination based upon his disability. On October 18, 2006, this Court granted summary judgment to the Postal Service on Ismail's hostile environment claim. On November 1, the Postal Service brought the instant bill of costs, seeking fees for the service of summons and subpoena and fees of the court reporter for transcripts, which together total $3,059.55.

**LEGAL STANDARD**

Costs, other than attorneys' fees, are "allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of the award of costs to the prevailing party, and it is the losing party who has the burden to affirmatively show that costs should not be awarded. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). Allowable costs include: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; (6) compensation of court-appointed experts, compensation of interpreters and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920. The district court must

Eastern heritage. At summary judgment, Ismail refined his claims, stating that he sought recovery "solely based" upon the hostile work environment he allegedly endured between March 2003 and August 2004 and disavowing any claims of discrimination based upon his disability. On October 18, 2006, this Court granted summary judgment to the Postal Service on Ismail's hostile environment claim. On November 1, the Postal Service brought the instant bill of costs, seeking fees for the service of summons and subpoena and fees of the court reporter for transcripts, which together total $3,059.55.

**LEGAL STANDARD**

Costs, other than attorneys' fees, are "allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of the award of costs to the prevailing party, and it is the losing party who has the burden to affirmatively show that costs should not be awarded. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). Allowable costs include: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; (6) compensation of court-appointed experts, compensation of interpreters and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920. The district court must

determine which costs are allowable by statute, and if so, whether those costs are both reasonable and necessary. *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993).

## DISCUSSION

The Postal Service seeks $1,188.75 in fees for the service of 10 subpoenas for documents, and $1,870.80 in fees of the court reporter for transcripts. Ismail does not dispute that the Postal Service is the prevailing party; however, he contends that the costs sought by the Postal Service are neither necessary nor reasonable.

### I. Fees for Service of Subpoenas for Documents

In the course of discovery, the Postal Service subpoenaed nine physicians and a hospital in order to obtain copies of Ismail's medical records, a task that the Postal Service asserts was necessary because Ismail did not produce his medical records in response to discovery requests. The Postal Service employed a copy service to serve the subpoenas and obtain copies of the documents. In support of its bill of costs, the Postal Service submitted the copy service invoices, which list the party subpoenaed and the combined cost for the service of subpoena, document copying, and delivery. Ismail asserts that the fees for subpoenaing and copying Ismail's medical records were not necessary to the litigation, because Ismail's medical injuries were not issues raised by the pleadings, and that the fees for copying are excessive.

First, it appears that Ismail's medical records were reasonably necessary for use in this litigation. The plain language of Ismail's complaint stated claims for

discrimination on the basis of disability as well as discrimination on the basis of his race and/or national origin. For example, in paragraph 19 of his Complaint, Ismail stated: "As a result of Plaintiff being injured on-the-job and becoming partially disabled, and due to the Plaintiff's middle-eastern heritage and race, Postmaster Kaiser unlawfully discriminated and retaliated against the Plaintiff..." For each of the allegedly discriminatory events cited as the basis for his claims, Ismail repeatedly stated that these actions were taken because of his race, his "existing on the job injury", and his "partial disability." Ismail did not renounce these claims until his response to the Postal Service's motion for summary judgment. Ismail never sought to amend his complaint, nor did he object to the breadth of the Postal Service's discovery - the deadlines for which he twice, by agreed motion, requested that this court extend. The fact that Ismail chose to drop those claims at summary judgment is not a happenstance that the Postal Service could be expected to discern at the time it requested Ismail's records. *See, e.g.*, *Mother and Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). Accordingly, discovery from Ismail's physicians was reasonably necessary in order for the Postal Service to defend against Ismail's then-existing claims of discrimination based upon his injury and disability.

Second, this Court cannot address Ismail's argument that the costs for service of subpoenas and copying are excessive because it is impossible to determine what portion of the Postal Service's costs are allowable under 28 U.S.C. § 1920. An

examination of the invoices reveals that the total amount invoiced included several separate charges as denoted by a letter code next to the invoiced amount. The majority of invoices submitted in support of the Postal Service's bill of costs include fees for the service of subpoenas, copying charges, and expedited service charges. First, while § 1920 permits recovery of amounts expended in service of process, it does not permit recovery of amounts in excess of the fees charged by the United States Marshals. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Second, while § 1920 permits recovery for the cost of copies reasonably necessary for the litigation, fees for delivery and shipping are considered ordinary business expenses, and are not recoverable under the statute. *See Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994).

The Postal Service defends its claimed costs by asserting that a party is not required to submit such a detailed accounting of costs that the recovery of photocopying charges becomes economically impossible, and may submit the "best breakdown obtainable from retained records." *Northbrook Excess v. Proctor and Gamble*, 924 F.2d 633, 643 (7th Cir. 1991). While a party need not break down every photocopying charge, it is impossible for this Court to assess the reasonability of costs when presented only with a lump sum that does not separate out the different types of recoverable costs under § 1920. *Collins*, 96 F.3d at 1058. Accordingly, although this Court believes that procuring Ismail's medical records was reasonably necessary for

the Postal Service's use in this case, we are unable to award costs for those subpoenas and copies absent a more detailed accounting.

## II. Fees of the Court Reporter for Deposition Transcripts

The Postal Service seeks $1,870.80 in costs for the provision of transcripts in seven depositions, as well as court reporter appearance fees for the two depositions that the Postal Service took in this litigation. Ismail asserts that the fees for obtaining of transcripts are excessive, that court reporter appearance fees are not recoverable, and that the costs claimed include extra copies, delivery, and shipping and handling fees, all of which are not recoverable under 28 U.S.C. § 1920.

None of Ismail's arguments are meritorious. First, reasonable court reporter appearance fees are recoverable. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). Second, an examination of the invoices reveals that the Postal Service's claimed costs include only fees for the provision of the transcripts; the Postal Service has not claimed any fees for the provision of ASCII disks, concordances, or other services provided for the convenience of the attorney. Finally, Ismail claims that the per-page charge for the transcripts is excessive with respect to four depositions - the depositions of Postal Service employees Dennis Liesz, Ralph Kaiser, Cora Guzon, and James Sander. Normally, Local Rule 54.1 limits the amount that can be recovered in costs for the provision of transcripts. However, the costs about which Ismail complains are costs over which he had full control, as it was Ismail, not the Postal Service, who took the

four depositions at issue. He cannot now be heard to complain that the transcript fees charged by the court reporter he selected are excessive. *Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994). Accordingly, we award to the Postal Service the full amount of costs sought in connection with the provision of deposition transcripts.

## CONCLUSION

For the foregoing reasons, we award the Postal Service $1,870.80 for fees of the court reporter incurred in obtaining transcripts and we deny the Postal Service's request for costs in connection with the service of subpoenas duces tecum because we are unable to determine what portion of those costs are allowable under 28 U.S.C. § 1920. The Postal Service has 14 days from the date of this order to supplement its bill of costs with appropriate particularity.

／s／ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

**Dated:    December 20, 2006**